BROWNE GEORGE ROSS LLP
Peter Shimamoto (State Bar No. 123422)
  pshimamoto@bgrfirm.com
Keith J. Wesley (State Bar No. 229276)
  kwesley@bgrfirm.com
2121 Avenue of the Stars, Suite 2400
Los Angeles, California 90067
Telephone: (310) 274-7100
Facsimile: (310) 275-5697

Attorneys for Plaintiff
DOCTORS ON DEMAND URGENT
CARE MEDICAL GROUP, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| DOCTORS ON DEMAND URGENT CARE MEDICAL GROUP, INC., a California corporation,<br><br>           Plaintiff,<br><br>     vs.<br><br>DOCTOR ON DEMAND PROFESSIONALS OF CALIFORNIA, a California corporation; and DOCTOR ON DEMAND, INC., a California corporation,<br><br>           Defendants. | Case No. 2:14-CV-00672<br><br>**COMPLAINT FOR:  FALSE DESIGNATION OF ORIGIN AND COMMON LAW UNFAIR COMPETITION**<br><br><br>**JURY TRIAL DEMANDED** |

418597.1

COMPLAINT

Plaintiff Doctors on Demand Urgent Care Medical Group, Inc. ("Plaintiff") alleges as follows:

## NATURE OF THE ACTION

1. Plaintiff has operated an urgent care medical facility in Los Angeles since 2006 under the trademark DOCTORS ON DEMAND (the "Mark"). Plaintiff has developed substantial goodwill in its business and its Mark. Relevant consumers associate Plaintiff's Mark with Plaintiff.

2. In the spring of 2013, Plaintiff was contacted by Scott Waterbury. Mr. Waterbury stated that he was involved with a group that intended to market an app that would permit individuals to communicate with doctors through their mobile devices. Mr. Waterbury asked for Plaintiff's permission to use Plaintiff's Mark. He stated that, if Plaintiff was unwilling to grant such permission, his group would use one of their "different" or "back up" names. Plaintiff informed Mr. Waterbury that they would not grant permission to use their Mark, and warned Mr. Waterbury not to use their Mark or any similar mark.

3. On information and belief, on or about December 10, 2013, although Plaintiff had expressly refused Defendants' request for permission to use Plaintiff's Mark, Defendants launched their business under the name DOCTOR ON DEMAND. The *Dr. Phil* show broadcast a segment on DOCTOR ON DEMAND that day. The host of the *Dr. Phil* show, Phil McGraw, is identified on Defendants' website as one of Defendants' advisors. Moreover, Mr. McGraw's son, Jay McGraw, is identified on Defendants' website as Defendants' Cofounder and Chairman.

4. On the very day DOCTOR ON DEMAND launched, Plaintiff began receiving inquiries from individuals outside California seeking medical advice. These inquiries from confused consumers and others have continued to this day.

5. Plaintiff has been irreparably harmed by Defendants' wrongful actions, and has been forced to file this action to vindicate its rights and protect its Mark.

418597.1

-1-

COMPLAINT

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§1331 and 1338 in that a claim asserted herein arises under the Lanham Act, 15 U.S.C. §1121 *et seq*. This Court has jurisdiction over the related state claim under 28 U.S.C. §1367(a).

7. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b), as a substantial part of the events or omissions giving rise to the claims asserted herein occurred within this district. In addition, Defendants have significant contacts with this district.

## THE PARTIES

8. Plaintiff is a California corporation with its principal place of business in Los Angeles County, California.

9. Upon information and belief, defendant Doctor on Demand Professionals of California is a California corporation with its headquarters in San Francisco County, California.

10. Upon information and belief, defendant Doctor on Demand, Inc., is a California corporation with its headquarters in San Francisco County, California. Defendants Doctor on Demand Professionals of California and Doctor on Demand, Inc. are referred to collectively as "Defendants." Upon information and belief, Defendants transact business in this district.

## FACTS

**Plaintiff's Priority of Use of The Mark in Commerce**

11. Plaintiff has been providing urgent care medical services in Los Angeles under the mark "Doctors on Demand" continuously since 2006. Plaintiff currently has more than ten doctors that provide urgent care services. Plaintiff has invested substantial time and resources into its business and has attained substantial goodwill. During that time, Plaintiff has received approximately 25,000 visits from patients. The relevant consuming public recognizes Plaintiff's DOCTORS ON

DEMAND mark as referring to Plaintiff.

12. Plaintiff has had a website at www.doctors-on-demand-online.com since 2006. Plaintiff's website provides information regarding the services Plaintiff offers, and provides a method by which prospective patients can contact Plaintiff. Prior to December 2013, an internet search for the phrase "doctors on demand" would produce Plaintiff's website as the first result. During 2013 alone, Plaintiff's website received approximately 30,000 visits.

**Defendants Ask Plaintiff's Permission to Use Plaintiff's Mark**

13. In or about March 2013, a person named Scott Waterbury contacted Plaintiff and stated that he wished to discuss a business proposition. Specifically, Mr. Waterbury said he was involved with a project which would permit doctors and patients to connect with each other through an app. Mr. Waterbury asked for Plaintiff's permission to use Plaintiff's name. He stated that, if Plaintiff was unwilling to grant such permission, his group would use one of their other "different" or "back up" names. Among other things, Mr. Waterbury stated, "I've learned it's best to figure out all of this stuff now and get it all worked out, and if we can't work through it, then we go in a different direction." Many of these communications are reflected in emails between Plaintiff and Mr. Waterbury.

14. Mr. Waterbury further stated that he had previously purchased the domain name "doctorsondemand.com," but had never used it.

15. Plaintiff told Mr. Waterbury that Plaintiff would not consent to his group's use of Plaintiff's name or any confusingly similar name or mark. Plaintiff stated that Mr. Waterbury's group therefore should use one of its alternate names.

16. Mr. Waterbury did not respond to Plaintiff.

**Defendants' Unauthorized Use of Plaintiff's Mark**

17. On information and belief, Defendants launched their business under the name "Doctor on Demand," on or about December 10, 2013. Defendants assert that their service allows individuals to interact with doctors through an app on their

418597.1
-3-
COMPLAINT

mobile devices. Defendants offer their service in a number of states, including throughout California.

18. On information and belief, the *Dr. Phil* show aired a segment regarding Doctor on Demand on or about December 10, 2013.

19. Defendants' website, www.doctorondemand.com, identifies Dr. Phil McGraw as one of Defendants' advisors, and his son, Jay McGraw, as the Cofounder and Chairman. Defendants' website also identifies Adam Jackson as Defendants' Cofounder & CEO, and Senator Tom Daschle as a member of the Board of Directors.

20. On information and belief, Jay McGraw gave an interview to the Huffington Post on or about January 15, 2014 in which he stated, among other things, that Defendants' service is intended to replace urgent care.

21. On information and belief, Scott Waterbury is associated with Defendants. Among other things, Mr. Waterbury was named as a defendant, along with Jay McGraw and others, in a 2012 lawsuit over Defendants' alleged wrongful use of the plaintiff's name, Pink Iron. On information and belief, the *Dr. Phil* show aired a segment regarding Defendants' "P.I.N.K. Method" diet and exercise program.

22. In addition, Mr. Waterbury had previously told Plaintiff that he owned the domain name www.doctorsondemand.com. According to the Whois website, that domain name is registered to Adam Jackson, Defendants' CEO.

**Actual Confusion Caused by Defendants' Infringement**

23. Beginning on December 10, 2013, Plaintiff began receiving queries from individuals located outside California seeking medical advice. These queries have continued through the present, and have been made through Plaintiff's website and by telephone.

24. In addition, Plaintiff has received numerous queries from physicians who have indicated they are interesting in providing medical services.

25. On information and belief, these individuals were trying to contact Defendants, and had confused Plaintiff with Defendants.

## CLAIMS FOR RELIEF

### First Claim for Relief

**(Against all Defendants for False Designation of Origin, 15 U.S.C. § 1125(a))**

26. Plaintiff repeats and incorporates by reference the allegations contained in paragraphs 1 through 25 above as though set forth in full herein.

27. Plaintiff is the owner of the trademark DOCTORS ON DEMAND.

28. Plaintiff's Mark is a valid and protectable trademark.

29. Plaintiff has not authorized any of the Defendants to use the Mark. Indeed, Plaintiff has expressly advised Defendants not to use Plaintiff's Mark or any confusingly similar mark.

30. Defendants' use of DOCTOR ON DEMAND has caused, and is likely to cause, confusion, mistake and/or deception among consumers as to the source, quality and nature of Plaintiff's and/or Defendants' goods and services.

31. Plaintiff has been irreparably harmed by Defendants' use of DOCTOR ON DEMAND.

32. Plaintiff has been damaged as a proximate result of Defendants' infringement.

33. Plaintiff is informed and believes, and thereon alleges, that unless restrained by the Court, Defendants will continue to infringe Plaintiff's mark, thus engendering a multiplicity of judicial proceedings, and pecuniary compensation will not afford Plaintiff adequate relief for the damage to its trademark in the public perception. Further, Plaintiff is informed and believes, and thereon alleges that, in the absence of injunctive relief, the public is likely to continue be mistaken or deceived as to the true source, origin, sponsorship and/or affiliation of Plaintiff's and/or Defendants' goods and services.

34. Plaintiff is informed and believes, and thereon alleges that Defendants'

1  acts were committed, and continue to be committed, with actual notice of Plaintiff's
2  rights and with an intent to cause confusion, to cause mistake and/or to deceive, and
3  to cause injury to the reputation and goodwill associated with Plaintiff.  Pursuant to
4  15 U.S.C. § 1117, Plaintiff is therefore entitled to recover three times its actual
5  damages or three times Defendants' profits, whichever is greater, together with
6  Plaintiff's attorneys' fees.  In addition, pursuant to 15 U.S.C. § 1118, Plaintiff is
7  entitled to an order requiring destruction of all infringing products and promotional
8  materials in Defendants' possession.

## Second Claim for Relief

### (Against All Defendants; Common Law Unfair Competition)

11  35.  Plaintiff repeats and incorporates by reference the allegations contained
12  in paragraphs 1 through 34 above as though set forth in full herein.

13  36.  Plaintiff's Mark has acquired secondary meaning.

14  37.  Defendants have used the same, or a confusingly similar, mark in
15  connection with their products and services.

16  38.  Plaintiff and Defendants are business competitors.

17  39.  By reason of the similarity between Plaintiff's products and services
18  and those of Defendants, the public is likely to conclude there is some connection
19  between Plaintiff's products and services and those of Defendants.

20  40.  Defendants' conduct is unfair and unlawful.

21  41.  Defendants' acts have caused damage to Plaintiff, including to its
22  reputation and goodwill.  The precise amount of Plaintiff's damages is presently
23  unknown but will be established according to proof.

24  42.  Plaintiff is informed and believes and thereon alleges that as a direct
25  and proximate result of Defendants' wrongful conduct, Defendants have gained
26  revenues and profits.

27  43.  Plaintiff has no adequate remedy at law for the injury that will be
28  caused by Defendants' acts of unfair competition.  Accordingly, Plaintiff is entitled

to a preliminary and a permanent injunction restraining Defendants, their officers, agents, and employees, and all persons acting in concert with them, from engaging in further acts of unfair competition against Plaintiff and its products and services.

44. Plaintiff is informed and believes, and thereon alleges, that Defendants committed the foregoing acts with the intention of depriving Plaintiff of its legal rights, with oppression, fraud and/or malice, and in conscious disregard of Plaintiff's rights. Plaintiff is, therefore, entitled to an award of exemplary damages, according to proof.

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as follows:

1. For a preliminary and permanent injunction enjoining and restraining Defendants, their agents, employees, representatives, partners, joint venturers and/or anyone acting on behalf of, or in concert with, Defendants, or any of them, from importing, shipping, delivering, selling, marketing, displaying, advertising, or promoting products or services in connection with the DOCTOR ON DEMAND or any confusingly similar trademark.

2. For an order requiring the destruction of all Defendants' infringing goods and all marketing, advertising or promotional materials depicting the DOCTOR ON DEMAND trademark.

3. For an accounting of all profits obtained by Defendants from sales of infringing goods and services and an order that Defendants shall hold all such profits in a constructive trust for the benefit of Plaintiff;

4. For an award to Plaintiff of damages, according to proof, of all profits earned by Defendants from the sale of goods or services under the DOCTOR ON DEMAND trademark;

5. For restitution to Plaintiff of all property and revenue obtained by Defendants through their acts of unfair competition;

6. For compensatory damages in an amount according to proof;

1     7.     For exemplary and multiple damages according to proof;

2     8.     For prejudgment interest on all damages awarded by this Court;

3     9.     For attorney's fees;

4    10.     For costs of suit incurred herein; and

5    11.     For such other and further relief as the Court may deem just and proper.

Dated: January 28, 2014

BROWNE GEORGE ROSS LLP
Peter Shimamoto
Keith J. Wesley

By    /s/ Peter Shimamoto
        Peter Shimamoto

Attorneys for Plaintiff
DOCTORS ON DEMAND URGENT
CARE MEDICAL GROUP, INC.

418597.1

-8-

COMPLAINT

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial pursuant to Rule 38(a) of the Federal Rules of Civil Procedure on all matters triable by a jury.

DATED: January 28, 2014

BROWNE GEORGE ROSS LLP
Peter Shimamoto
Keith J. Wesley

By    /s/ Peter Shimamoto
       Peter Shimamoto

Attorneys for Plaintiff
DOCTORS ON DEMAND URGENT CARE MEDICAL GROUP, INC.